**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21163

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

| | |
|---|---|
| Joseph Ciccone, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>Sentry Credit, Inc. and Bureaus Investment Group Portfolio No 15, LLC,<br><br>        Defendants. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Joseph Ciccone, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Sentry Credit, Inc. and Bureaus Investment Group Portfolio No 15, LLC as follows:

### INTRODUCTION

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendants Sentry Credit, Inc. and Bureaus Investment Group Portfolio No 15, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Joseph Ciccone ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Sentry Credit, Inc. ("Sentry") is a company existing under the laws of the State of Washington, with its principal place of business in Everett, Washington.

8. Sentry has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. Sentry regularly collects or attempts to collect debts asserted to be owed to others.

10. Sentry is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Sentry's business is the collection of such debts.

12. Sentry uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. Sentry is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant Bureaus Investment Group Portfolio No 15, LLC ("BIG15") is a company existing under the laws of the State of Illinois, with its principal place of business in Northbrook, Illinois.

15. BIG15 has transacted business within this state as is more fully set forth hereinafter

in this Complaint.

16. BIG15 regularly collects or attempts to collect debts asserted to be owed to others.

17. BIG15 is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of BIG15's business is the collection of such debts.

19. BIG15 uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. BIG15 is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Defendants allege that BIG15 purchased a defaulted consumer debt originally owed by Plaintiff to First National Bank of Omaha totaling $1,414.50 ("the alleged Debt").

23. The alleged Debt does not arise from any business enterprise of Plaintiff.

24. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25. At an exact time known only to Defendants, BIG15 decided to hire Sentry to attempt to collect the alleged Debt on BIG15's behalf.

26. As part of its utilization of Sentry, BIG15 conveyed information regarding the alleged Debt to Sentry.

27. The information conveyed by BIG15 to Sentry included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

28. BIG15's conveyance of the information regarding the alleged Debt to Sentry is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

29. In its efforts to collect the alleged Debt, Sentry decided to contact Plaintiff by written correspondence.

30. Upon information and belief, rather than preparing and mailing such written correspondence to Plaintiff on its own, Sentry decided to utilize a third-party vendor to perform such activities on its behalf.

31. Upon information and belief, as part of its utilization of the third-party vendor, Sentry conveyed information regarding the alleged Debt to the third-party vendor.

32. Upon information and belief, the information conveyed by Sentry to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

33. Sentry's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

34. Upon information and belief, the third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Sentry's direction.

35. That correspondence, dated May 7, 2020, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

36. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

37. The Letter was the initial written communication Plaintiff received from Defendants concerning the alleged Debt.

**FIRST COUNT**
**As to BIG15**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

38. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

39. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

40. Sentry does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

41. Plaintiff never consented to BIG15's communication with Sentry concerning the alleged Debt.

42. Plaintiff never consented to BIG15's communication with Sentry concerning Plaintiff's personal and/or confidential information.

43. Plaintiff never consented to BIG15's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

44. Upon information and belief, BIG15 has utilized Sentry for these purposes many times.

45. BIG15 utilizes Sentry in this regard for the sole purpose of maximizing its profits.

46. BIG15 utilizes Sentry without regard to the propriety and privacy of the information which it discloses to Sentry.

47. BIG15 utilizes Sentry with reckless disregard for the harm to Plaintiff and other consumers that could result from BIG15's unauthorized disclosure of such private and sensitive information.

48. BIG15 violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Sentry.

49. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

50. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

51. BIG15 disclosed Plaintiff's private and sensitive information to Sentry.

52. BIG15 violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to Sentry.

53. For the foregoing reasons, BIG15 violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**SECOND COUNT**
**As to Sentry**
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

54. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

55. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

56. The third-party vendor utilized by Sentry does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

57. Plaintiff never consented to Sentry's communication with the third-party vendor concerning the alleged Debt.

58. Plaintiff never consented to Sentry's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

59. Plaintiff never consented to Sentry's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

60. Upon information and belief, Sentry has utilized the third-party vendor for these purposes thousands of times.

61. Upon information and belief, Sentry utilizes the third-party vendor in this regard for the sole purpose of maximizing its profits.

62. Upon information and belief, Sentry utilizes the third-party vendor without regard to the propriety and privacy of the information which it discloses to the third-party vendor.

63. Upon information and belief, Sentry utilizes the third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from Sentry's unauthorized disclosure of such private and sensitive information.

64. Sentry violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

65. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

66. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

67. Upon information and belief, Sentry disclosed Plaintiff's private and sensitive information to the third-party vendor.

68. Sentry violated 15 U.S.C. § 1692f when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

69. For the foregoing reasons, Sentry violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

70. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York.

71. Plaintiff seeks to certify three classes of:

> i. All consumers where BIG15 sent information concerning the consumer's debt to Sentry without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

> ii. All consumers where Sentry sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.

72. This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

73. The Class consists of more than thirty-five persons.

74. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

75. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

76. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

### JURY DEMAND

77. Plaintiff hereby demands a trial of this action by jury.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: April 30, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*

9

David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21163
*Attorneys for Plaintiff*

10